AUGUST FINGER, Respondent, v. VALENTINE DIEL, Appellant.

No. 4390; October 26, 1875.

Damages—Verdict Calling for "Gold Coin."—A verdict requiring the damages found to be paid in gold coin is bad if the action was not on a contract for money expressly so payable, or there was not an understanding between the parties that it was to be so payable, or the money was not received by the defendant in a fiduciary capacity.

Judgment—Conformance to Verdict—Gold Coin.—A money judgment on a verdict erroneous only in respect of its requiring payment to be made in gold coin cannot be modified on appeal. The judgment must conform to the verdict; hence the defendant is entitled to a new trial.

APPEAL from Second Judicial District, Santa Clara County.

Collins & Newman for respondent; Frederick Hall for appellant.

By the COURT.—The verdict of the jury was in favor of the plaintiff, and assessed the damages at the sum in the verdict mentioned "in United States gold coin." The action was not founded upon an obligation in writing for the payment of money in gold coin, nor did the plaintiff allege any agreement or understanding between the parties in respect to payment in gold coin, nor was the action brought against the defendant for the recovery of money received by the latter in a fiduciary capacity; in short, the case is not brought within any of the conditions prescribed in section 667 of the Code of Civil Procedure, authorizing a recovery in gold coin, or in money of a specified character. The verdict for gold coin was, therefore, unauthorized.

Nor can the error in this respect be corrected by modifying the judgment here. The judgment must conform to the verdict: Code Civ. Proc., sec. 664.

The verdict should, therefore, have been set aside.

In this view, and as the cause must be tried again, the disposal of the appeal taken from the judgment is of no con-

sequence to the parties. That appeal will, therefore, be dismissed without reference to the question of practice made by the respondent as to whether the appeal was well taken.

Appeal from judgment dismissed and order denying a new trial reversed and cause remanded for a new trial.